UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| THE RICHARD DALE RELYEA § <br> LIMITED PARTNERSHIP, DENNIS R. § <br> LATIMER, CHRISTIE A. LATIMER, § <br> § <br> Plaintiffs, § <br> v. § <br> § <br> PERSHING, LLC, formerly § <br> DONALDSON, LUFKIN & JENRETTE § <br> SECURITIES CORPORATION, § <br> RICHARD H. THOMPSON § <br> § <br> Defendants. § | CIVIL ACTION NO. H-05-01749 |

## MEMORANDUM AND ORDER

Pending before the Court is Defendants' Motion to Dismiss, Motion for Judgment on the Pleadings, and Motion to Confirm Arbitration Award (Doc. # 3). For the following reasons, Defendants' motion is **GRANTED**, and the parties' arbitration award is **CONFIRMED**.

## I. BACKGROUND

In 1996, Plaintiffs opened securities accounts with Donaldson, Lufkin & Jenrette Securities Corporation ("DLJ"), to which Defendant Pershing, LLC is a successor. Defendant Richard Thompson ("Thompson"), a DLJ broker, was responsible for managing Plaintiffs' accounts and investments. In February 2004, Plaintiffs filed a statement of claim with the National Association of Securities Dealers, Inc. ("NASD"), alleging that DLJ and Thompson had made unsuitable investments with their funds and improperly maintained their accounts. Plaintiffs agreed to arbitrate their claims, which included allegations of breach of fiduciary duty, violation of the Texas Securities Act, violation of the Securities Exchange Act of 1934, breach of contract, violation of the Texas Business and Commerce Code, negligence and gross negligence.

DLJ and Thompson filed an answer and motion to dismiss with the arbitration panel, contending that the securities transactions at issue were time-barred both under the NASD's six-year limitations period and under the shorter limitations periods applicable to Plaintiffs' various claims. In response to the motion to dismiss, Plaintiffs acknowledged that claims relating to securities purchases occurring prior to February 12, 1998 were time-barred by the NASD's limitations period, and that claims relating to certain securities purchases occurring after this would be barred by the shorter limitations periods of five years or less provided by Texas law. Plaintiffs contended that these limitations periods should be tolled because of DLJ's and Thompson's alleged lulling and fraudulent concealment, which, Plaintiffs argued, had prevented them from discovering the conduct of which they complained until a later time falling within the various limitations periods. Plaintiffs mentioned only one specific securities transaction in either their response or supplemental response. This transaction commenced on July 28, 1999, within the six-year NASD limitations period, but outside of the shorter limitations periods for each of Plaintiffs' various claims.

On August 23, 2004, the NASD arbitration panel conducted an hour-long, telephonic hearing on the motion to dismiss. The same day, the panel issued an order dismissing Plaintiffs' claims, except for those relating to a securities transaction that took place in December 2000. Plaintiffs filed a motion for reconsideration, which the panel denied on October 28, 2004. Plaintiffs then determined that they had not suffered a loss from the December 2000 transaction, and DLJ and Thompson moved for a take-nothing award. On January 20 and 21, 2005, the panel members signed an award dismissing Plaintiffs' claims in their entirety with prejudice.

Plaintiffs filed this action on April 19, 2005 to vacate the arbitration panel's award dismissing their claims. Plaintiffs allege that the panel acted with manifest disregard of the law by dismissing claims that were not time-barred, and that the arbitrator selection process was flawed

because the arbitrator-disclosure report for one of the panel members did not reveal a case in which he had served on another panel whose take-nothing award had been vacated. Defendants have moved to dismiss this action and confirm the arbitration award rendered by the panel. Having considered Defendants' motion and the parties' briefings, the Court concludes that the motion should be granted and the award confirmed.

## II. ANALYSIS

### A. Timeliness of Plaintiffs' Petition to Vacate

The Federal Arbitration Act (FAA) provides that "[n]otice of a motion to vacate, modify, or correct an award must be served upon the adverse party or his attorney within three months after the award is filed or delivered." 9 U.S.C. § 12.[1] Plaintiffs filed this action to vacate on April 19, 2005, within three months of the arbitration panel's issuance of its award on January 20, 2005. Defendants contend, however, that the limitations period for moving for vacatur began running on October 28, 2004, when the panel denied Plaintiffs' motion for reconsideration. Were this the case, the limitations period would have expired on January 28, 2005, and this action would be untimely. In response, Plaintiffs argue that, prior to the arbitration panel's issuance of its award on January 20, 2005, some claims remained for arbitration, and there was no final order from which Plaintiffs could have appealed.

The Court agrees with Plaintiffs and finds that this action is not time-barred. Although the panel's August 23, 2004 order of dismissal and the panel's October 28, 2004 order denying Plaintiffs' motion for reconsideration disposed of almost all of the claims in the arbitration, Plaintiffs' claim relating to the December 2000 securities transaction remained. The panel also

---

[1] Plaintiffs brought this suit under Texas law, which provides a similar limitations period for filing a motion to vacate, of no later than ninety days after the delivery of the arbitration award. TEX. CIV. PRAC. & REM. CODE § 171.088(b). As Defendants correctly note, the FAA preempts the Texas arbitration statute because the arbitration in this case arose from provisions in contracts for the sale of securities. *See Williams v. Cigna Fin. Advisors, Inc.*, 56 F.3d 656, 659 (5th Cir. 1995) (finding that the FAA applies to all arbitration agreements arising out of contracts "evidencing a transaction involving commerce," which includes the sale of securities).

3

held in abeyance the issue of whether it would recommend expungement of the arbitration from Defendant Thompson's NASD and NYSE records, pending resolution of this remaining claim. It was not until *after* the panel's denial of Plaintiffs' motion for reconsideration that Plaintiffs determined that they had sustained no damages from the December 2000 transaction and agreed that a final, take-nothing award was in order. Had Plaintiffs determined that they had suffered damages from the December 2000 transaction, the arbitration presumably would have continued with a determination of this claim. The panel's October 28, 2004 order did not dispose of all claims in the arbitration or of all claims against a particular party; and therefore, it did not initiate the running of the limitations period for filing for vacatur.[2] The limitations period instead began running upon the issuance of the panel's award on January 20, 2005, which dismissed Plaintiffs' claims in their entirety, denied all relief with prejudice, and recommended expungement of the arbitration from Defendant Thompson's records. Accordingly, Plaintiffs timely filed this action to vacate the arbitration award.

## B. Grounds for Vacating an Arbitration Award

A trial court's review of an arbitration award is "extraordinarily narrow," and a court may vacate an arbitrator's award only in certain, limited circumstances. *Forsythe Int'l, S.A. v. Gibbs Oil Co. of Tex.*, 915 F.2d 1017, 1020 (5th Cir. 1990) (quotation omitted). The FAA provides a number of statutory grounds on which a court may vacate an arbitration award, including (1) where the award was procured by corruption, fraud or undue means; (2) where there was evident

---

[2] Defendants have not cited any controlling authority to the contrary. Moreover, Defendants' cited cases involve orders dismissing *all* claims against a particular party, unlike the October 28, 2004 order in this case, which did not resolve all pending claims. *Olson v. Wexford Clearing Services Corp.* involved an arbitration panel's order stating that the defendant was "hereby dismissed from this arbitration," following a rehearing on the defendant's motion to dismiss. 397 F.3d 488, 489 (7th Cir. 2005). Finding that the order left "nothing further for the arbitration panel to adjudicate" between the plaintiff and the defendant, the court found that the panel's order of dismissal constituted a final award for purposes of the limitations period. *Id.* at 491. Similarly, the court in *Northeast Securities, Inc. v. Quest Capital Strategies, Inc.* found that a panel's order that "finally and definitely disposed of all of [a party's] claims in the Arbitration, operated as a 'final' arbitration award within the meaning of the FAA." 2003 WL 22535093 (S.D.N.Y. 2003).

4

partiality or corruption in the arbitrators; (3) where the arbitrators were guilty of misconduct in refusing to postpone a hearing or in refusing to hear pertinent and material evidence, or of any other misbehavior that prejudiced the rights of any party; and (4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award was not made." 9 U.S.C. § 10(a). Additionally, the Fifth Circuit and other courts have recognized an arbitrator's manifest disregard of the law as a non-statutory ground for vacating an arbitration award. *Williams v. Cigna Fin. Advisors, Inc.*, 197 F.3d 752, 759 (5th Cir. 1999) (citing *First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 942 (1995)); *Brabham v. A.G. Edwards & Sons, Inc.*, 376 F.3d 377, 381 (5th Cir. 2004).[3]

In *Williams*, the Fifth Circuit used an approach suggested by Professors MacNeil, Speidel, and Stipanowich for applying the manifest disregard doctrine:

> First, where on the basis of the information available to the court it is not manifest that the arbitrators acted contrary to the applicable law, the award should be upheld.
>
> Second, where on the basis of the information available to the court it is manifest that the arbitrators acted contrary to the applicable law, the award should be upheld unless it would result in significant injustice, taking into account all the circumstances of the case, including powers of arbitrators to judge norms appropriate to the relations between the parties.

197 F.3d at 762 (citation omitted). The court has similarly found that manifest disregard "means more than error or misunderstanding with respect to the law. . . . The arbitrators must have appreciated the existence of a clearly governing principle but decided to ignore or pay no attention to it. . . . Furthermore, the governing law ignored by the arbitrators must be well defined, explicit, and clearly applicable." *Brabham*, 376 F.3d at 381-82 (internal quotations and citations omitted).

---

[3] The Court notes that, in their motion to dismiss, Defendants erroneously stated that the Fifth Circuit had refused to apply the manifest disregard of the law doctrine, citing *McIlroy v. PaineWebber, Inc.*, 989 F.2d 817, 820 n.2 (5th Cir. 1993) and *R.M. Perez & Assocs., Inc. v. Welch*, 960 F.2d 534, 539 (5th Cir. 1992). The Fifth Circuit has since overruled the holdings of these cases and applied the manifest disregard doctrine. Defendants are cautioned to check the subsequent history of their cited cases prior to submitting them to the Court.

Although Plaintiffs referenced the statutory grounds for vacatur in their petition to vacate,[4] they have not offered any facts or argument to show how the statutory grounds would apply to this case. Rather, Plaintiffs rely exclusively on the doctrine of manifest disregard of the law in their response to Defendants' motion to dismiss.

**C. Application of Manifest Disregard of the Law Doctrine**

Plaintiffs acknowledge that the arbitration panel's dismissal of claims that relied upon lulling or concealment to avoid being time-barred was not manifest disregard of the law. Plaintiffs contend, however, that the panel acted with manifest disregard of the law by dismissing claims based on transactions that had clearly occurred within the various limitations periods. In their response to Defendants' motion to dismiss this action and confirm the arbitration award, Plaintiffs allege that "claims were dismissed as to a number of transactions occurring between 2-1/2 and less then [sic] four years prior to filing of the Complaint." Pls.' Resp. at 3.

Despite this allegation, however, Plaintiffs have failed to point to specific transactions that took place within this more recent time period; and more importantly, Plaintiffs have failed to show that they provided the arbitration panel with evidence of specific transactions that were not time-barred. Plaintiffs' initial statement of claim to the arbitration panel does not reference any specific transactions forming the basis of Plaintiffs' claims. Plaintiffs then focused on their claims of lulling and fraudulent concealment in both their response and supplemental response to the motion to dismiss the arbitration. Plaintiffs mentioned only one specific transaction in either of these responses, namely, a transaction that commenced on July 28, 1999, within the six-year NASD limitations period, but outside of the shorter limitations periods for each of Plaintiffs'

---

[4] Plaintiffs cited the grounds for vacatur provided in Texas Civil Practices and Remedies Code section 171.088(a). Though the FAA is controlling in this action, the grounds for vacatur articulated in the Texas Code and in the FAA are essentially the same.

claims. Plaintiffs did not file any other documents with the arbitration panel, prior to its order of dismissal, indicating the specific dates of the transactions upon which their claims were based.

Additionally, the arbitration panel held an hour-long, telephonic hearing prior to entering its order of dismissal on August 23, 2004, at which it appears that the panel discussed the timing of the transactions at issue with the parties. Although the Court does not have a transcript of this hearing, and although the panel did not articulate the reasons for its decision in its order of dismissal, the parties referred to discussions held during the hearing in their subsequent filings. For example, in their motion for reconsideration of the panel's dismissal, Plaintiffs noted that:

> In a colloquy with the Panel, there was some suggestion by counsel for [Defendants] that the last trade complained of was some time in 1999. The undersigned, to the best of his recollection, did not agree with that time period but did not identify the date for the last trade complained of.

Pls.' Mot. for Recons. at 2. It thus appears that the arbitration panel sought to determine precise dates for the transactions underlying Plaintiffs' claims, and that Plaintiffs failed to provide the panel with such dates.[5]

Plaintiffs indicate in their response to Defendants' motion to dismiss the instant action and confirm the arbitration award that they had "expected that the Arbitration Panel would issue a bar date as to the claims of Plaintiffs with respect to each of Plaintiffs' causes of action, and Plaintiffs would be guided accordingly in the Arbitration." Pls.' Resp. at 2-3. That the panel did not simply issue a bar date, however, does not demonstrate a manifest disregard of the law. Rather, in the absence of specific dates of transactions that would not have been time-barred, the panel's dismissal of all but one of Plaintiffs' claims was reasonable and not contrary to any applicable law. Plaintiff has failed to assert any facts or law showing otherwise.

---

[5] How the panel learned of the December 2000 transaction, with respect to which it declined to dismiss Plaintiffs' claims, is unclear. However, there is no indication that Plaintiffs provided the panel with any other specific dates for the transactions that provided the basis of their claims.

Finally, Plaintiffs argue that, following the panel's dismissal of their claims, they attached schedules specifically identifying the securities trades that they claimed were unsuitable, and the dates upon which the trades occurred, to their motion for reconsideration of the panel's dismissal order. These schedules appear to have been prepared by Clifton Iverson, Jr., whose affidavit was also attached to Plaintiffs' motion for reconsideration. Plaintiffs are correct that these schedules set forth transactions for which at least some of Plaintiffs' claims would not be time-barred. However, this also falls short of the showing necessary for a finding that the panel acted with manifest disregard of the law.

While Mr. Iverson, Jr.'s affidavit indicates that his statements and opinions are based upon his "training and experience in securities matters," no resume of his training or experience appears to have been provided. Iverson, Jr. Aff. ¶ 1. Additionally, Mr. Iverson, Jr.'s affidavit gives very little insight into how he compiled the schedules of transactions, noting only that "[t]he trades set forth in [the schedules] were derived from the account summaries sent to [Plaintiffs] by Donaldson, Lufkin & Jenrette Securities Corporation which I reviewed, and were purchased during the times indicated." Iverson, Jr. Aff. ¶ 8. The account summaries themselves were not attached to Mr. Iverson, Jr.'s affidavit. It is also unclear whether the transactions listed were the ones of which Plaintiffs had complained in their statement of claim to the arbitration panel. As Defendants asserted in their response to Plaintiffs' motion for reconsideration, Plaintiffs' claims related primarily to the purchase of high-yield bonds, and many of the transactions included in Mr. Iverson, Jr.'s schedules were not for high-yield purchases. Finally, Plaintiffs gave no justification for why they waited until after their claims were dismissed to provide specific dates for the transactions of which they complained. These dates should have been available to Plaintiffs prior to their filing of a statement of claim and prior to the hearing on the motion to dismiss their claims

8

as untimely, and yet Plaintiffs waited until after their claims had been dismissed to provide any specific supporting dates.

The Court is not suggesting, by way of the foregoing analysis, that the arbitration panel was necessarily correct in its denial of Plaintiffs' motion for reconsideration. What this discussion indicates, however, is that the arbitration panel could have reached its decision to deny Plaintiffs' motion for reconsideration and issue an award of dismissal in a reasonable and lawful manner. Plaintiffs have failed to make any showing that the panel acted contrary to the applicable law, or that the panel appreciated the existence of clearly governing law but decided to ignore it. Plaintiffs have not plead any facts that would give rise to a finding that the arbitration panel acted in manifest disregard of the law, and the Court cannot vacate the arbitration award on this ground.

## D. Non-Disclosure of Arbitrator Information

Finally, Plaintiffs assert that the arbitrator selection process was flawed because the arbitrator-disclosure report for the Chair of the arbitration panel, Philip McConnell, did not indicate that a take-nothing award granted by another panel on which Mr. McConnell had served had later been vacated. Plaintiffs' counsel has stated that, prior to selecting arbitrators to serve on the panel, he reviewed all of the cases decided by potential arbitration panelists by downloading them from the NASD website. Pinson Decl. ¶ 4. Although Plaintiffs' counsel noticed an award of dismissal among the cases for Mr. McConnell, the subsequent history of this case was not provided, and it was not apparent to Plaintiffs' counsel that this award of dismissal had later been vacated by a district court of Harris County, Texas, in a proceeding styled *Hill v. Southwest Securities, Inc*. *Id.* Plaintiffs' counsel has stated that had he known of the later vacation of the *Hill* decision, he would not have selected Mr. McConnell to serve on the arbitration panel. *Id.*

In order to be granted vacatur on the grounds of Mr. McConnell's non-disclosure, Plaintiffs must show that the facts support a reasonable impression of partiality or possible bias.

9

*See Commonwealth Coatings Corp. v. Cont'l Cas. Co.*, 393 U.S. 145, 147-49 (1968) (citing the FAA's provision for vacating arbitration awards where there was "evident partiality" in the arbitrators, 9 U.S.C. § 10); *Positive Software Solutions, Inc. v. New Century Mortgage Corp.*, 337 F. Supp. 2d 862, 881 (N.D. Tex. 2004) ("In nondisclosure cases, courts have adopted a more lenient 'reasonable impression of partiality' standard."). Here, Plaintiffs cannot show that the nondisclosure of the subsequent vacation of an award granted by another panel on which Mr. McConnell served creates a reasonable impression that Mr. McConnell was partial or somehow biased against Plaintiffs.

As Plaintiffs' counsel indicates in his declaration, the NASD website disclosed both Mr. McConnell's participation on the *Hill* arbitration panel and the panel's award of dismissal. Pinson Decl. ¶ 4 ("I reviewed all of the cases decided by potential arbitration panelists by downloading same from the NASD website. I reviewed decisions of Philip I. McConnell. I saw a dismissal but the award stated no season [sic] for the dismissal."). Thus, it was only the subsequent history of the case that was not disclosed, and there is no indication that Mr. McConnell or the NASD failed to provide a complete resume of the cases in which Mr. McConnell had served as an arbitrator. Furthermore, the order vacating the *Hill* arbitration award of dismissal gave no reasoning for the court's holding. While Plaintiffs speculate that "[w]e can only conclude that the decision was based on manifest disregard for the law, unconscionability, arbitrariness or the like," there is no basis for such conjecture. Pls.' Resp. at 9-10. The plaintiffs in the *Hill* case presented a number of arguments for vacating the arbitration award against them, including the panel's alleged manifest disregard of the law and arbitrariness, and the panel's failure to hold a hearing before issuing its decision. Because the court did not explain its reason for vacating the award in *Hill*, we cannot assume that the court found that the panel had acted in manifest disregard of the law, any more than we can assume that the court found that the panel had erred simply by failing to hold a

10

hearing. The vacation of the *Hill* award does not show that Mr. McConnell is predisposed to manifestly disregard the law or to dismiss arbitration claims. It also does not show that Mr. McConnell is partial toward any particular entity or group of entities. That Mr. McConnell once participated on an arbitration panel whose award of dismissal was later vacated does not support a reasonable impression of partiality or bias. Because Plaintiffs have failed to allege facts that would support a reasonable impression of partiality, the Court will not vacate the arbitration award on grounds of nondisclosure.

### E. Confirmation of the Arbitration Award

The FAA provides that, within one year after an arbitration award is made, any party to the arbitration may apply for an order confirming the award. 9 U.S.C. § 9. Upon such application, "the court must grant such an order unless the award is vacated, modified, or corrected . . . ." § 9. As discussed above, Plaintiffs have failed to set forth grounds upon which vacation of the arbitration award would be appropriate. Accordingly, the court must confirm the arbitration panel's award dismissing Plaintiffs' claims.

### III. CONCLUSION

Defendants' Motion to Dismiss, Motion for Judgment on the Pleadings, and Motion to Confirm Arbitration Award is **GRANTED**, and the arbitration award is **CONFIRMED**. The case is **DISMISSED WITH PREJUDICE**. All other pending motions are **DENIED AS MOOT**.

**IT IS SO ORDERED**.

**SIGNED** this 14th day of March, 2006.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE

TO INSURE PROPER NOTICE, EACH PARTY WHO RECEIVES THIS ORDER SHALL FORWARD A COPY OF IT TO EVERY OTHER PARTY AND AFFECTED NON-PARTY EVEN THOUGH THEY MAY HAVE BEEN SENT ONE BY THE COURT.